UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE ROSS, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-1333 |
| | § | |
| ALBERT WATKINS, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

MEMORANDUM AND ORDER

Pending before the court is plaintiffs' motion to abstain and remand case. Dkt. 13. Upon reviewing the pleadings, the state court record and the applicable law, the court has decided that the motion will be GRANTED.

BACKGROUND

The plaintiffs, all named Ross, filed separate suits in various state district courts in Harris, Galveston, and Fort Bend Counties—identical except for the property involved. Dkt. 1, Ex. B. Eventually, all five suits were consolidated into the 55th Judicial District of Harris County, Texas. Dkt. 1, Ex. C. In their original petitions, plaintiffs allege that the defendants duped them into participating in a Ponzi scheme involving mortgages on real properties. At the end of the day, the scheme left plaintiffs with home mortgages far beyond their capability to pay and ruined credit. Plaintiffs have sued the defendants for (1) breach of fiduciary duty; (2) fraud/fraudulent inducement; (3) statutory fraud; (4) conspiracy to defraud; and (5) violations of § 17.461 of the Texas Deceptive Trade Practices Act. Trial was scheduled in state court for June 4, 2007. In the months leading up to trial, one of the defendants filed a voluntary petition under title 11 in the United States Bankruptcy

Court for the Central District of California.[1]  On April 18, 2007, defendants removed the action to this court pursuant to 28 U.S.C. § 1452(a) allowing for removal of claims related to bankruptcy cases.  On May 21, 2007, plaintiffs moved this court to abstain and remand the case.

ANALYSIS

Section 1452(a) allows a party to remove "any claim or cause of action in a civil action. . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452(a). Section 1334 confers "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334.  In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate."  *See In re Walker*, 51 F.3d 562, 569 (5th Cir. 1995) (internal quotation marks omitted); *In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987).  And "any effect" includes any alteration of the "debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."  *In re Walker*, 51 F.3d at 569 (internal quotation marks omitted).  The defendants argue that because the underlying state case will raise questions regarding the ultimate responsibility of the debtor to the plaintiffs, this court has "related to" jurisdiction under § 1334(b).  Due to the expansive nature of "related to" jurisdiction, it is likely this court does have jurisdiction over the state court case.  However, the plaintiffs move the court to abstain and remand based on several different

---

[1]  In their removal notice, defendants stated that the title 11 petition was filed on May 21, 2007.  But, since the removal notice itself was filed April 19, 2007, that date must be in error. Plaintiffs do not argue that the notice of removal was untimely.  Therefore, the exact date of the Title 11 petition is immaterial.

theories, both mandatory and permissive.

### A.    Mandatory Abstention Under 28 U.S.C. § 1334(c)(2).

Although section 1334 grants jurisdiction over cases related to Title 11 cases, it also strips jurisdiction from the district court in certain circumstances.  Section 1334(c)(2) provides that a district court **shall** abstain from hearing cases if: (1) a party to the state court action makes a timely motion for abstention; (2) federal jurisdiction is based solely on the case being "related to a case under title 11 but not arising under title 11 or arising in a case under title 11;" and (3) "the action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction."  28 U.S.C. § 1334(c)(2).  As a threshold matter, the defendants claim that plaintiffs did not timely file a their motion.  Defendants removed the case on April 19, 2007, and plaintiffs did not file their motion to abstain and remand until May 21, 2007—32 days later.  Section 1447(c) governing the time for filing a motion to remand specifies that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  Therefore, defendants claim that plaintiffs have waived their right to invoke mandatory abstention under section 1334(c)(2).  At first blush, the motion to abstain does seem untimely.  However, plaintiffs point out that the 30th day—May 19, 2007—fell on a Saturday.  Therefore, under Rule 6(a) of civil procedure, a motion filed on the following Monday—May 21, 2007—would be timely.  *See* FED. R. CIV. P. 6(a).  The court agrees and considers the motion to be timely.

The second prong asks whether federal jurisdiction is predicated on any basis other than section 1334 "related to" jurisdiction.  The parties are not diverse since the plaintiffs are all citizens of Texas and most of the defendants are also Texas citizens.  The state court complaints do not allege

any federal question on which to base jurisdiction.  Additionally, the defendants, in their notice of removal, predicated removal solely on the title 11 bankruptcy of one of the defendants and "related to" jurisdiction under §§ 1452 and 1334.  Therefore, the court finds that the instant case meets the second prong of the mandatory abstention test.

Last, the statute asks whether the "action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction."  28 U.S.C. § 1334(c)(2).  The action was so far advanced when the case was removed in April 2007, that it had a trial date in June 2007.  In their response to the motion to abstain and remand, the defendants state that "the state court had stated its intention to dismiss the lawsuit."  Dkt. 18.  However, the state court's notice of intent to dismiss expressly referred only to the bankrupt defendant, not the entire case.  Dkt. 18, Ex. A-4.  As to the other defendants—including those who commenced the removal process—the state suit would have gone to trial as scheduled but for the removal.  Therefore, this case meets the last prong of the mandatory abstention test.  Accordingly, the court finds that pursuant to § 1334(c)(2) it must abstain and remand.

**B.     Permissive Abstention Under § 1334(c)(1) and Equitable Remand Under § 1452.**

Even were the court not required to abstain and remand under § 1334(c)(2), it would still abstain and remand under §§ 1334(c)(1) and 1452.

*1.     Permissive Abstention Under § 1334(c)(1)*

Section 1334(c)(1) provides that:

nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding . . . related to a case under title 11.

28 U.S.C. § 1334(c)(1). "The Act grants the district court broad power to abstain whenever appropriate." *In re Wood*, 825 F.2d at 93. Some of the factors courts may consider in making this determination include:

(1) The effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;

(2) Extent to which state law issues predominate over bankruptcy issues;

(3) Difficult or unsettled nature of applicable law;

(4) Presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) Jurisdictional basis, if any, other than § 1334;

(6) Degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) The substance rather than the form of an asserted core proceeding;

(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) The burden of the bankruptcy court's docket;

(10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) The existence of a right to a jury trial;

(12) The presence in the proceeding of nondebtor parties;

(13) Comity; and

(14) The possibility of prejudice to other parties in the action.

*In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 847 (Bankr. S.D. Tex., 2006). Not all of these factors are present in this case. However, those that are present militate in favor of abstention. Since the state court will proceed to trial on these issues in very short order, abstention will have a positive

impact, if any, on the administration of the estate.  State law issues entirely dwarf any related bankruptcy issues.  Indeed the sole basis for jurisdiction is "related to" jurisdiction under § 1334(b). The single debtor is outnumbered by all of the nondebtors—plaintiffs and defendants alike. Additionally, the defendants' misrepresentations to this tribunal regarding the status of the state court dismissal raise the possibility that defendants were forum shopping—impacting several factors including forum shopping, comity, and prejudice.

Defendants argue that removal is an efficient use of judicial resources because there is no state court action pending.  Although that argument would be relevant in certain abstention inquiries, it is inapposite in a removal inquiry because the state proceeding is halted by the defendants' removal.  *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813-17, 96 S. Ct. 1236 (1976) (discussing the types of abstention in concurrent state-federal jurisdiction). Defendants also argue that "[a] remand would result in the plaintiffs being required to re-remove this lawsuit or dismiss their claims against People's Choice." Dkt. 18.  Despite the glaring jurisdictional flaws in this argument, the court notes that the plaintiffs themselves requested abstention and remand.  If they felt that People's Choice—the bankrupt defendant—was crucial to their state court case, then the plaintiffs would not have requested remand.  Additionally, defendants argue that the case involves federal law regulating home mortgages and that the state law claims are not too complex or challenging.  The federal claims are not apparent from the face of the plaintiffs' complaints or the defendants' state court answers.  Even if the defendants asserted federal law regarding mortgages in their answers—and it is far from clear that they have—and defendants could predicate federal jurisdiction on a defense—which they cannot, the state law claims would far outweigh the federal claims. *See Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1179 (5th Cir. 1984)

6

(citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 673, 70 S.Ct. 876 (1950) ("[A] suit for a declaration of rights [cannot] be brought into the federal courts merely because an anticipated defense derived from federal law.")).  Moreover, the state court is perfectly competent to hear cases involving federal issues.  *See Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 478, 101 S. Ct. 2870 (1981) (holding that absent a statutory provision to the contrary, state and federal courts hold concurrent jurisdiction over a federal cause of action).  Lastly, the defendants again misstate the state court order and argue that because the state court had declared its intention to dismiss the entire case, there are no comity considerations.  However, the state court's single page order clearly states that "claims against the *bankrupt* party will be dismissed for want of prosecution."  Dkt. 18, Ex. A-4 (emphasis added).  Therefore, this argument fails in its inception.  For all of the foregoing reasons, the court finds that permissive abstention under § 1334(c)(1) is appropriate in this case.

   2.  *Equitable Remand Under § 1452*

   Finally, even if neither type of abstention under § 1334 were appropriate, the court would still remand the case under § 1452.  Section 1452 allows a court to remand any claim brought under section 1334 "on any equitable ground."  28 U.S.C. § 1452.  For all of the reasons outlined above, the court will remand the case to state court.  Additionally, the defendants' repeated misrepresentations about the state court's order regarding dismissal weighs against any inclination the court may have had to exercise equity in favor of the defendants.  Therefore, the court will remand this case to state court for equitable reasons.

CONCLUSION

   Before the court is plaintiffs' motion requesting that the court abstain from hearing the case and remand it to state court.  After careful consideration of the record and the law, the plaintiffs

7

motion is GRANTED.  Because this decision is not reviewable on appeal, the state court suit should resolve itself in a timely manner.  28 U.S.C. §§ 1334(d) & 1452(b). Therefore, the court will ABSTAIN and REMAND this case to the 55th District Court of Harris County, Texas.

It is so ORDERED.

Signed at Houston, Texas on June 26, 2007.

_____

Gray H. Miller
United States District Judge
